Good morning, Your Honors. Paul Cassell from the Utah Appellate Project, along with Rose McCarr and Nora Cunningham for Justice at Last. We represent Jane Doe. This is a case about a promise. In his plea agreement, the defendant promised to pay Jane Doe for the District Court ultimately concluded, reluctantly, that it lacked statutory authority to award any restitution to Jane Doe. That conclusion was clearly erroneous. That legal conclusion was plain error. If you look, of course, at 18 U.S.C. 3663A3, District Court judges are given authority to order restitution in any criminal case to the extent agreed to by the parties in the plea agreement. Can I ask you the following? The plea agreement clearly contemplates restitution, and the party's actions up until, you know, the eleventh and a half hour also contemplated restitution, but the wrong statute was cited in the plea agreement, was it not? We disagree, Your Honor. We think you have to look at the four sentences in the restitution provision carefully. The first sentence is the defendant acknowledges, so this is just an acknowledgment provision, that the conduct he is entering a plea to gives rise to mandatory restitution. But that's where the ambiguity is. I don't think the actual, well, you're saying it's the conduct and not the crime. It's the conduct, and the conduct, remember, is in an 11C1C binding plea agreement. So the best way to read that sentence, and frankly the only way to give that sentence operative of force and effect, is to say, oh, this is a binding plea agreement, the conduct to which he's pleading guilty to here is going to trigger an obligation to mandatory restitution. And then the second sentence is just a couple of characters long, C, 18 U.S.C. 2259. Again, best read in context, that's a reference to the definition of what kinds of losses are available, the full amount of the victim's losses. But would you agree that the counts to which Mr. Alexander actually pled guilty don't provide for mandatory restitution? That is correct. But the plea agreement does. And the plea agreement, that's what these provisions specify. And as you work through the next sentence, you see here that Mr. Alexander is agreeing to pay restitution for the dismissed counts, that is the sex trafficking counts. And the important point is the fourth sentence in the plea agreement. This is the operative provision. This is where the rubber hits the road. This is where there is now binding force and effect. The defendant agrees, agrees to pay the victim the, quote, full amount of the victim's losses, close quote, as defined in 2259. I'm sorry. 2259 is about child pornography, though, right? But it has a provision within it itemizing the kinds of losses that are available for victims of those crimes. And frequently in other statutes, Congress has cross-referenced that set of, I think it's six different types of restitution that are available. What the parties in the plea agreement did here was simply, rather than list the six lost income, psychological counseling, attorney's fees, so on and so forth, they simply cross-referenced the, quote, full amount of the victim's losses, close quote. And then there's no debate here. It says as defined in. But B3 is about enforcement. It's not even where that list is, right? So now there is an amendment. It's important to understand here, and perhaps our baris should have dropped a footnote on this. B3 was the law in effect at the time the defendant committed his crime. Under the Amy and Vickie Act, which Congress passed in December of 2018, the B3 provision was parked in C2 and somewhat expanded. And so what the drafters of the plea agreement did here, assuming that, well, wait a minute, there's now been an expansion of restitution in December 2018, that could raise ex post facto questions if we tried to go back and apply that new law to conduct that the defendant committed earlier. So I don't think there's been any debate that the B3 reference was to the law that was in effect at the time that the defendant committed his crime in, I think it was 2018. Is that now the same definition that's in C2, or it's something different? C2 is slightly broader. But I'm confused, though. If you're just using the statute for kind of by analogy, which sounds like what you're saying, like we're going to use this list even though it's not the applicable statute, why does it matter? Why would there be an ex post facto problem with using a new one? You're just using it by analogy anyway. Well, because you couldn't say, oh, by the way, back when you committed the crime, you were subject to restitution for five types of losses. Yeah, but this statute about child pornography doesn't apply anyway. But it lists the kinds of losses that are available. Well, since the whole thing is what he agreed to, he could have done whatever he wanted. I think what I guess your point is only that B3 then is not irrelevant. It just is a former version. Whether they had to use it or they didn't, it sort of passes out of the picture. It's whatever they agreed to. They agreed to. And there's never been that point that's being raised here. There's never been one that the defendant is pressed either below and is briefing here. Again, we probably should have dropped a footnote in our brief to make clear that there has been a change in the statutory reference. But both B2, I'm sorry, B3 and C2 list six types of restitution, lost income, psychological counseling, attorney's fees. So there hasn't been, at least with respect to the kinds of losses that Jane Doe is seeking, any change with respect to the categories that are there. Sorry, go ahead. Is your position then that the references to 2259 after the first sentence and to the exemplary? Is that your argument? Well, they're the definition of the categories of losses that are available. That's just definitional, the last reference. But what about the first reference? The first reference is, notice by the way, there is the word C in front of it. So it's not saying, you know, under authority of or something like that. It says C2259. Why would you want a C2259? Because that lists the types of things that are part of the full amount of the victim's losses. And I should point out that the defendant agreed with that reading of the statute early on throughout the proceedings. We've tried to itemize that and work through the hearings in some detail. And you'll recall that the district judge in this case told Jane Doe's counsel, you have my ruling. 2259 is the applicable statute. Now go and itemize for me what the categories are and what the amounts are. I had understood from your brief that your focus was now on arguing that 3663 is the source of authority because whatever they said exactly with the references in the agreement, they clearly meant for there to be restitution. But now it sounds like you're saying something different. Now you're wanting us to not say there's ambiguity or say there was an error, but just actually say it was right. I didn't really understand your brief to be making that argument. Did you? No. If I understand your question correctly, what we're saying is the plea agreement said he would pay for the full amount of the losses as defined in 2259 and that the district judge had authority to do that under 3663A3. And so that's the... So you're saying the agreement describes the matters for which restitution will be given, the losses, the types of losses. I'll pay restitution for five kinds of losses. Yes. But that's not where the authority to grant it comes from. The authority to grant it comes from the other statute. Exactly. That's how I understand your argument. There's been an argument on the other side that this was waived or forfeited. What is your response to that? Well, the defendant never argued forfeiture. The defendant only argued waiver. Waiver requires a party saying, well, I've looked at that right and we want to waive it. That never happened anywhere in the proceedings. To the contrary, you see Jane Doe's attorney repeatedly saying, you have authority, judge, under the plea agreement to award restitution. We are asking for full restitution. So there's never been any waiver and there's never been a specific record citation from the defense as to where in the proceedings below the defendant waived her restitution. I'm still confused. So are you saying under 3663 the parties could have agreed to any form of restitution and that in this case they just happened to agree to 2559 restitution? That's essentially our argument, yes. And that's in fact what the plain language of the plea agreement says. And 3663A3 says that the quote is to the extent agreed to by the parties in the plea agreement. This is what the parties agreed. So for example, it sounds like you're saying, well, if they had just agreed to $15,000, which was the original request, without any statutory citation, that would be enforceable also. Yes. Okay. But the statutory authority would be 3663A3. I had a question about your reply brief. So on page 26, you say the panel should leave interpreting the plea agreement to the district court on remand. But then you also ask us to restitution for both the two counts of conviction and the five dismiss counts. In order to do that, wouldn't we have to interpret the plea agreement? Potentially. I think you could just flag for the judge that I don't think there's any dispute that under 3663A3 where a defendant agrees to pay restitution for dismiss counts, that's something that's within the judge's authority. But don't leave until we are done. I'll give you time for rebuttal. But if we're still asking questions, you should stay. The case seems to change every time somebody argues. So I want to make sure I have a rebuttal opportunity. I'm still unclear then. Does this need to be interpreted at all? I think that you can straightforwardly say, District Judge, you've failed to consider the authority under 3663A3. Your decision is erroneous, legally erroneous. Therefore, we are reversing and sending it back to you. Even if none of the counts were governed by 2259, the parties could have agreed to that. Exactly. I was going to ask you a similar question. In your reply brief, it sounded like you were asking us to do more than what it sounds like you just said. I had understood this mandamus petition to be more like what you just said. We should tell the district court, in your view, that there is authority under 3663 and remand then for consideration of exercising that authority to get restitution. But in your reply brief, you actually asked us to tell the district court more and say something about the full amount and what's available. Are you backing off that? No. That's the last page of our brief, and we know that the court is always mindful of judicial economy. It appears that the district judge was unaware of his authority to award restitution for dismissed counts, and we thought it might be useful for the court in the course of construing 3663A3 to remind the district judge that even though those counts have been Because the parties agreed to it. Correct. If there are no further questions, I'd like to save a little time for remand. Good morning. May it please the court. Good morning, counsel. Elizabeth White for the United States Real Party and Interest here, and I will be brief. The district court concluded that he lacked authority to order restitution, and that is clearly wrong. The court has authority under 3663A. And I point out that, in fact, at the very last hearing, the defense counsel agreed to that. The defense counsel said, this is at page 191 of the petitioner's appendix, defense counsel said the court has authority to issue restitution. I think the court has that authority, but not under 2259. That is what she is saying. So there's really no dispute, I don't think, between the parties, at least there wasn't in the district court, that the district court had authority to order restitution, and he does. And is that all we should say in You know, I mean, I think that's the primary legal error here. I think earlier on, the parties, the victim's counsel had briefed, I think it's 1593 restitution statute for lost wages, the money that the defendant took from the victim. And they came back and said, well, that doesn't, that's not the statute that you should be looking at, judge. Defense counsel said you should be looking at 2259, because that's what we agreed to. And the fact is, is that 2259 also has a lost wages provision. But that seems like district court work in the first instance, because all the court here really said was, gee, these were bad acts, and I feel terrible for this victim, but I don't have any statutory authority. Yeah, yeah. And I think that just correcting that, I mean, if this gets sent back down to Judge Kassell, he will have statutory authority based on the party's plea agreement. And I just want to clarify one thing about the two references to 2259 in that paragraph in the plea agreement. The second one, defining total amount of victim's losses as defined by 2259, that is, as Professor Kassell said, that is actually a very common, you know, that definition, 2259's definition of what total losses is, is incorporated by reference in a number of other statutes, including both of the statutes, both of the restitution statutes that applied to the dismissed counts. So I think using 2259's definition of total losses in a case where the court's authority to order restitution isn't itself based on 2259 is not at all I think Professor Kassell is correct, that that simply, again, is a definition of what kinds of restitution would be available. But the basis for the court's authority comes from the fact that the parties agreed in exchange for a tremendous benefit in terms of the charging decisions that we negotiated. Could I ask you, if this language about 2559 is common, is there confusion like this in other cases? Like if we were to agree with you, is this an unusual situation or is this a kind of situation that we should really be publishing about because it happens a lot? I don't know. I think, I don't know that I haven't heard of this happening before. I think there's a little confusion about the first sentence. Like I say, the fourth sentence in terms of using that definition of what total losses is, is just very common. The first sentence I think could be interpreted as saying that the conduct that the defendant is pleading guilty to triggers liability under 2259, right? And I think Professor Kassell gives an alternative interpretation of that sentence, which is plausible and makes a lot of sense to me. But I think that once the court saw that 2259 itself did not independently authorize restitution because the counts of conviction weren't the chapter 110 or whatever, that that's where that confusion came up. I'm sorry, counsel. I didn't mean to interrupt. That is something that we can just be more careful about in the future. But to the extent that that's a mistake, again, that was just an acknowledgement. And to the extent that that's a mistake, and I'm not sure, you know, I had suggested in a footnote in our brief that maybe, if you interpret it that way, it's just a mistake. But then they came back, the defendant came back and said, no, the government can't say that's a mistake. So I don't really know what their position is because if it's not a mistake, I don't know why we're here. I'm still unclear. Is your position that restitution then is limited to 2259 or restitution is full amount of losses and this is just an exemplary statute that would provide certain types of recovery? Right. What the defendant agreed to pay is the victims, the total amount of the victims' losses as defined in 2259. I mean, 2259 has a section that says total victim losses means, and there's a definition there. Okay. My question to you is related to whether we have any, there have been any usefulness to publish. Have you seen other instances in which district courts or counsel for that matter are unaware that there is authority to award restitution when it is agreed to expressly in the plea agreement? In my research, I have not come across any other cases where that's been the case. But as a to clarify anything so that in the future, we can rely on a published case rather than an unpublished decision. We've taken you over your time. Thank you. Good morning. Amy Clear on behalf of Respondent Vontique Alexander. This case involves a very specific plea agreement, a binding plea agreement. And to the extent that it prohibited the district court from doing anything in its restitution powers, it really cabined its right to do so within the confines of 2259. It took out the discretion of the district court to do anything beyond what was in that very specific paragraph. But what's in that paragraph is an agreement to pay. The defendant agrees to pay the victims the full amount of the victim's losses as defined in a specific place. That's an agreement to pay for all the conduct, including uncharged conduct. So I don't understand how that limits other than to say that only those items listed in what was then 2259b3 and, you know, nothing new that was added after that. So isn't that the only limitation here? The limitation, and there was a lot of litigation on this, and it appears that the government, the victim, the victim's counsel, the victim's mother, and Mr. Alexander's original attorney all originally understood that there was going to be restitution under 2259. As the litigation... As defined in 2259, not under. It says as defined in, and that's different. Well, when you look at the first sentence, the first sentence says that... But you can't stop there. The fourth sentence says the defendant agrees to pay the victims the full amount of their losses as defined in a particular place. With his understanding that his crime of conviction gives rise to restitution, the mandatory restitution under 2259. It doesn't say that. He says the conduct gives rise to mandatory restitution, and it includes the losses caused from dismissed counts and uncharged conduct. I mean, it's ambiguous, for sure, but the ultimate, the course of conduct, as well as the words of the plea agreement, show that everybody, including the defendant, expected restitution would be paid. But the first sentence is legally erroneous. His course of conduct, his crime of conviction, does not give rise to mandatory restitution, and this court has held... Including his uncharged conduct. His uncharged conduct would have given rise. Right, and that's included in the second sentence. But the course of conduct to which he entered his plea does not give rise to mandatory restitution. So that is a legally erroneous statement. It makes the paragraph ambiguous, but it doesn't make it so ambiguous that it isn't an agreement to pay restitution. It's an agreement to pay restitution. And if there's an ambiguous statement, the government, as the drafter of the plea and the protector of the victim's rights, had an obligation to, when entering this plea agreement with the district court, bring it to the district court's attention. But if you read it as a whole, it is not ambiguous. And if you include the conduct of your client and counsel, different counsel, but your client and counsel, their conduct, their understanding, as well as the agreement as a whole, it no longer is ambiguous. If you look at the first sentence as well, it's an acknowledgement. And the second and the third sentences are the agreement. What does the defendant actually agree to pay? The defendant agrees to pay the full amount of victim's losses as defined in this statute that defines victim's losses. Well... The first sentence is an acknowledgement, but the actual agreement of what he agreed to pay, I think this third sentence is clear. Well, the second sentence where it says such restitution, such restitution refers to the first sentence, that conduct to which he's pleading guilty that pertains to mandatory restitution, that cannot be. He's saying the calculation for such restitution, that it's legally incorrect. But you're reading, I mean, you're making such a selective reading of it. If you read the agreement as a whole, this long paragraph about restitution, and you consider what it says as a whole, and you consider the party's conduct at the time, and for a long time afterward, it's not ambiguous. The defendant agreed to pay restitution, period. And the court has the authority to enforce that. But what the court has the authority to do, Your Honor, is apply the restitution provision as it's written according to... No, it's to apply the plea agreement. And the plea agreement says he agrees to pay the full amount as defined in a particular place. And the parties cannot, by their plea agreement, give the district court authority to impose a mandatory statute. No, the statute says that if there's an agreement by plea agreement to give restitution, that is enforceable. So if no statute at all had been cited, zero statutes. So there's no statutory authority mentioned. The defendant agrees to pay $800,972.12 to the victim. That's enforceable, even if there's no statute cited. I agree if there's no statute cited that this would be a much different case. But what we do have is a statute in here that indicates that the crime that he's pleading guilty gives rise to mandatory restitution. Well, what you want to read out is the first sentence up on the top of page 9 of the agreement. You just want it to not exist because it's a clear acknowledgement that he is agreeing to pay a certain amount. It's just as if it said the $800,000, except that instead of doing that, it's leaving it to the district court to calculate it by looking at the items that are set out in that statute and figure out what is the full amount of loss for each of those items. I think the entire paragraph needs to be read in its totality. Well, that's what I think I'm doing. But I guess you have a different way of reading it. And I guess we do, Your Honor, because the only way you get to 2259 is through the first sentence, which is the conduct to which he's pleading guilty. And it's purporting to give the district court authority to give mandatory restitution under 2259. But it doesn't say limited to or only pursuant to. It just says see. Well, because it's a binding plea agreement, the parties are taking out of the district court's authority the power to impose restitution under any other authority. So I think this gets to what I was just about to ask you. Your theory of why this paragraph is in this plea agreement is to limit the district court's authority? Yes, Your Honor. The only authority that was left open to the district court, as far as its discretion, was the authority to impose an incarceration term between 60 and 96 months. That was the only thing that was left open. Then why have a paragraph on restitution at all? If you're saying we have written this, this is written so that I never have to pay restitution, so let's put it in and make it really long and complicated so the district court knows that it can't award restitution, why would it be there? If it was under 3663A, as petitioner suggests, that's a discretionary restitution statute that would only have been limited to the petitioner's actual losses. This is whatever they agreed to. So is it your position that Mr. Alexander and his counsel never intended to pay restitution at all to the victim, but wanted this language in there to kind of lull the court into adopting and not rejecting? He was facing, what, potentially a 15-year mandatory minimum? Correct. This gave him a guaranteed 60 to 96-month sentence. So you're saying they lulled him into thinking that he was going to pay restitution for this victim and that this whole provision is really just a nullity. It's meaningless. It provides for no restitution whatsoever. What appears happened, Your Honor, is that the parties mistakenly engaged in this particular language and that it did not become clear until the end of the sentencing proceedings that this did not convey to the district court to convey to the victim the restitution that the government indicated to the victim that she was anticipating. Okay, so you're conceding that as far as Mr. Alexander and his counsel, they understood this provision as requiring Mr. Alexander to pay the full amount of victim losses to Jane Doe, and that was their intent, and that was their understanding of this plea agreement. I can't comment on their intent because I wasn't their counsel. What I'm saying is the way that this is written and the government drafted it, that appears to be what the parties intended when they wrote it. I can't concede that that's what it was. Well, they certainly acted that way when they started talking about the amount and whether it was $15,000 or it wasn't. The defendant and counsel at that time never said, well, wait a minute. Where did we get $15,000? It should be zero. Correct. But they didn't say that. They talked about the amount, which indicates that they thought that exactly so, that he was required to pay it, and they were, you know, having a dispute about how much is all. In this Court's decision in the U.S. v. Partita Para, once a binding plea agreement is accepted, even if there is a mutual mistake of law, which this appears to be, that cannot be amended or changed despite what might be the result. But 3663 says that the Court can give the restitution agreed to by the parties in a plea agreement. It doesn't say by the specific words of a plea agreement. I mean, is it possible to have an oral plea agreement? And that you could then have 3663 applied to? Why couldn't you have an oral agreement? Because under U.S. v. Follett and U.S. v. Hicks, restitution is a creature of statute. Parties cannot agree to give the district court statutory authority to impose mandatory restitution if it does not otherwise apply. You already told Judge Graber that if the plea agreement said you will pay $20,000 and didn't cite anything, 3663 would say now you have to pay $20,000. But this provides under 2259 that mandatory restitution applies, which parties cannot say. Well, it doesn't matter because they also say he's agreeing to pay a specific amount. He's agreeing to pay the amount that is measured by a definition that's in another statute. He could have just listed all those items and it would be the same answer, wouldn't it? I disagree, Your Honor. Because the specific language of this provision directs that it is a plea that gives rise to mandatory restitution under 2259, which is how I interpret this provision. The parties cannot do that, which strip the district court of the authority. Well, it may strip the court of that sentence, but it doesn't strip anything out of the sentence at the top of page nine, which says how much he agrees to pay. If you excise the legally erroneous material and say, well, that's wrong. Okay, so it's wrong. What's not wrong is when he says, I agree to pay you. And this is exactly how much I agree to pay you. Unfortunately, Your Honor, the court is not with the power to excise the illegally erroneous material. The court is required to. So what if it's a typo? Is that legally erroneous, too? No restitution because I put, you know, 2664 by mistake. So therefore, even though I owe this person, you know, $5 million, I don't have to pay it. King's X. I submit this is a bit more than a typo, Your Honor. This is very specific language indicating that the parties believed, erroneously so, that this provided mandatory restitution. So you're saying that a defendant could never agree to pay restitution that he was not legally required to pay by some other statute. He could never. Correct. Where is there a case that says that? That if you've done wrong, let's say you, you know, you scared a bank teller and you feel bad about it and you want to pay them $10,000 and you agree in the plea agreement and you're not allowed to do that and a court can't enforce it. Where does that come from? In this court's case law, and I'll give you a cite. Does it interpret 3663? In U.S. v. Low, restitution is illegal if it is not authorized for the expense or the excess of the statute amount. Yes, but 3663 says you have authority to give restitution if the parties agree. Correct, but under 3771, as provided by law. But that is law. 3663 is just as much law as anything else. But if the statute that you're referring to, 3559 provides for very specific offenses of conviction in order to be imposed under certain chapter. Now that's chapter 110. But counsel, I'm going to go back to the basic question I think that Judge Koh asked and get an answer to that. Let's say that a plea agreement says we are aware of no statute that requires restitution in these circumstances, but the defendant agrees to pay so many dollars. Is that enforceable under 3663? Because restitution is a form of punishment and restitution is grounded by statute, the answer would be no. You would have to have statutory authority. So you think 3663 requires additional statutory authority beyond what is in the plea agreement? That's how you read it? Are you aware of any case that says that? If there's no, you're telling me if there's no statutory authority, like no Title 18, no. No other statutory authority. That's my question. If the parties say we don't know of any requirement that this defendant pay restitution, but he feels terrible about this, and so he agrees to pay victim number one a certain amount of dollars, and so can that be enforced under 3663? If it's a Title 18, he can pay under 3663. 3663 covers every Title 18 offense. There are very specific... So, okay, let's look at 2259, sexual exploitation of children. It is clearly possible that the government could have alleged this in any of the charges that fall within Chapter 110 in a complaint or information. So why couldn't Mr. Alexander say, you know what, I'm going to pay that restitution so that you don't in fact charge me with a Chapter 110 crime, which might come with a 15-year mandatory minimum. It is in my interest to agree to make this victim whole, give me the benefit of potentially less than half of the mandatory minimum sentence. That happens all the time, right, where defendants will agree to pay restitution for statutes for which they're not pleading guilty in order to get a reduction in their sentence. So I guess I'm unclear on why you're saying that is legally untenable. That happens all the time when someone says, you know what, you could have charged me with a 2259 offense. Please don't. But I will pay those damages to compensate the victim in exchange for a reduced sentence. That happens all the time. And I'm hearing you say that's not lawful because he wasn't charged with a Chapter 110 crime. It's not lawful here because of the reference to 2259. Had this binding plea agreement not made any reference to 2259 in the way that he did. But why? You're saying 2259 doesn't apply because what? He didn't plead to Chapter 110 charges, right? But if you look, he says, I will pay losses derived from my uncharged conduct. Clearly, he could have been charged. Now, I'm not saying whether it would have been meritorious or not, but he could have been charged with a Chapter 110 crime, sexual exploitation of children, sex trafficking of a 12-year-old girl, right? So he's saying, look, I am willing to pay restitution under uncharged conduct that is 2259 restitution. You could have charged me with a Chapter 110 crime. Please don't. I will agree to make this victim whole under that statute so I can serve less than 50% of my statutory mandatory minimum exposure in prison. That is lawful, is it not? It's not lawful here because it all flows from the understanding and the statement that this is a 2259 offense and it's not. Why? The next sentence says, I will pay losses for uncharged conduct. In the context of a 2259 applying in the first instance, these are not, these cannot be separated out from the understanding that 2259 doesn't apply. It's a complete paragraph. 2259 applies. 2259 is going to be the provision that's going to affect the restitution calculation. 2259 is going to be the victim's losses. Okay? Okay. I think I was going to cut it off, but do you have another question? That's fine. We have you way over your time. So thank you, counsel. We were going to, let's give two minutes for rebuttal. Thank you. Just very briefly, Your Honor, I think one of the questions the court should consider is the injustice that would occur if the defendant got the benefit of his bargain and yet Jane Doe did not get the restitution to which she's entitled. I also wanted to say just a word you asked about publishing your decision to the U.S. attorney here. I think it's very important that you publish your decision. Jane Doe has access to legal counsel through Justice at Last and the Utah Appellate Project, but the vast majority of crime victims do not have access to legal counsel. And the result is the Crime Victims' Rights Act is a very under-theorized and under-precedented, I don't know if that's the right verb, area of law. It's very difficult to find decisions from this court or others around the country explaining how restitution issues are to be handled. And so for the benefit of victims, among others, who will not have legal counsel in the future, I would urge you to reverse the decision below and then to publish your decision. You'll notice, by the way, in the Crime Victims' Rights Act that Congress has directed, if you were for any reason to rule against Jane Doe, you are obligated to write a written opinion in order to, I would assume, develop a body of case law out there. We think the same principles that Congress is indicating should also apply if you rule in Jane Doe's favor, that there should be a written decision that then can avoid some of the arguments we've heard advanced today, which I think are very sweeping and presumably will be advanced by other defendants represented by federal defenders' offices in Nevada and elsewhere. Unless there's a ruling from this court. So we would urge you to reverse the decision below, publish your decision, and then send the case back so Jane Doe can obtain the restitution that she so desperately needs. Thank you. Thank you both sides for the helpful arguments. This case is submitted and we're adjourned for the day.
judges: GRABER, FRIEDLAND, KOH